UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| TRUNG HUYNH, | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | DOCKET NO. 08-CV-40240 |
| | ) | |
| THE CITY OF WORCESTER, | ) | |
| OFFICER ANDREW CRAVEDI, and | ) | |
| OFFICER WILLIAM MOSELY, | ) | |
|     Defendants | ) | |

## MOTION TO REOPEN CASE FOR VIOLATION OF SETTLEMENT AGREEMENT

Defendants, City of Worcester (City), Officer Andrew Cravedi and Officer William Mosley (collectively, Defendants), hereby move this Court, pursuant to Fed. R. Civ. P. 60(b), to reopen the above-captioned case and proceed to trial for Plaintiff's violation of the confidentiality clause of the settlement agreement through Plaintiff's counsel's statements to the Worcester Telegram & Gazette newspaper concerning the lawsuit, which were published in a March 3, 2010 article. Defendants further move for leave to withdraw from the settlement agreement based on Plaintiff's material breach of the settlement agreement, return of the settlement payment to the City, as well as an award of sanctions for the misconduct.

### I. Background

The parties participated in mediation with Chief Magistrate Judge Judith G. Dein on December 16, 2009. Following the mediation, the parties agreed to settle the case, which included a payment by the City to Plaintiff in the amount of $47,500.00, following Plaintiff's execution of a settlement agreement, a Release of All Claims (Release). (See Affidavit of Counsel, attached as Exhibit A.) There was extensive discussion between the parties about the contents of the Release. In particular, Defendants' counsel informed Plaintiff's counsel that

Plaintiff would have to agree to the confidentiality of the terms of the settlement and the merits of the case as consideration for the payment by the City. (See Exhibit A.) The relevant portion of the Release provides:

> Releasor further agrees that neither he nor his agents or representatives, including counsel, will discuss or disclose anything whatsoever related to this action or the terms of this settlement, aside from the sole fact that the matter is settled, outside of attorney client communications.

(See Exhibit A, Attachment 1.) (Emphasis added.) Email correspondence from December 18, 2009, between the attorneys indicates that the City informed Plaintiff's counsel that the clause was intended to avoid Plaintiff or his representative from conveying information about the case via "a press conference, newspaper article, etc., dealing with the merits of the case or the amount of the settlement." (See Exhibit A, Attachment 2.) Plaintiff was to have "no contact or comment with the press." Id. Plaintiff's counsel inquired whether the clause would "prohibit me from informing the press that the case was settled if no dollar amount is given." Defendants' counsel replied, "No – you can certainly say that the case was settled, but you and your client cannot then proceed to 'bad mouth' the city and the police, etc. That is part of the consideration for the City for paying such a settlement. There is no admission of liability or wrongdoing." Plaintiff's counsel replied, "Ok that's fine." Id.

The case was reported settled to the Alternative Dispute Resolution Provider, and a final report indicating settlement was entered on December 29, 2009. (Docket No. 19.) The Court entered a Settlement Order of Dismissal on January 4, 2010, (Docket No. 20), and the case was terminated by the Court on the same day.

The City received the Release back from Plaintiff, dated January 12, 2010, signed under seal by Plaintiff, Trung Huynh, and witnessed by his attorney, Michael Tumposky. A check

from the City in the amount of $47,500.00 and payable to Hedges & Tumposky as Attorney for Huynh was mailed to Attorney Tumposky on February 16, 2010, and cleared on February 24, 2010. On March 3, 2010, an article was published on the first page of the Worcester Telegram & Gazette newspaper entitled, "City Settles Claim of Police Brutality[;] $47,500 Paid in 2006 Lawsuit," which contains the following statements made by Attorney Tumposky in violation of the Release:

> (1) "It was an egregious case because it involved the use of a weapon that resulted in significant injury, a broken bone," said Mr. Hunyh's lawyer, Michael L. Tumposky of the Boston firm Hedges & Tumposky.
> (2) "I think it reflected poor judgment on the part of the officers involved and poor training."
> (3) He was later acquitted of all the charges by a Central District Court jury, said Mr. Tumposky, who characterized the charges as an attempt by the officers to justify their use of force.
> (4) In the years since the incident, Mr. Huynh largely has recovered from his injuries, his lawyer said.
> (5) "He is fine now. He does have some lingering pain, but for the most part he has pretty much recovered at this point," Mr. Tumposky said.

(See Exhibit A, Attachment 3.)

**II. Argument**

>   The Proper Relief for Plaintiff's Violation of a Settlement Agreement is to Reopen the Proceedings Pursuant to Fed. R. Civ. P. 60(b) and Allow Withdrawal from the Agreement.

When a party violates a settlement agreement, the opposing party can seek to reopen the proceedings and withdraw from the agreement. Dankese v. Defense Logistics Agency, 693 F.2d 13, 15 (1st Cir. 1982). Pursuant to Fed. R. Civ. P. 60(b), "Relief from a Judgment or Order," a motion to reopen a case is directed to the discretion of the district court. Id. In this case,

Defendants seek relief pursuant to Fed. R. Civ. P. 60(b)(3). Rule 60(b) provides, in pertinent part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> …
> (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party ….

Pursuant to Rule 60(c), a Rule 60(b) motion must be made within a reasonable time, and for (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Thus, Rule 60(b)(3) provides for relief for repudiation of a settlement agreement by the opposing party when a motion is filed in a timely manner, and less than one year after entry of judgment or the order. VanLeeuwen v. Farm Credit Administration, 600 F. Supp. 1161, 1164 (D. Oregon 1984).

In this case, misconduct under Rule 60(b)(3) occurred when Plaintiff's counsel commented on the merits of the case and the settlement to a newspaper reporter, comments which were then published by the newspaper. These comments were made in clear violation of the confidentiality clause of the Release, which prohibited any discussion of the case outside of the fact that it settled. Defendants did not become aware of the misconduct until the publication of the comments in the March 3, 2010, and filed this motion within days, a reasonable time under Rule 60(c), and less than a year after the entry of the judgment. Thus, Defendants properly seek relief from the Court's Settlement Order of Dismissal.

Plaintiff committed a material breach of a valid contract through his counsel's statements. Plaintiff signed the Release under the line "witness hand and seal this 12th day of January, 2010." Under Massachusetts law, a recital that the instrument is signed under seal shall give the

instrument the legal effect of a sealed instrument. Mass. Gen. Laws c. 4, § 9A; Holt v. The Federal Deposit Insurance Corp., 216 B.R. 71, 75-6 (D. Mass. 1997). "The signing of a document under seal is adequate consideration to support a valid contract." Id. at 76.

> A material breach of an agreement occurs when there is a breach of an essential and inducing feature of the contract. A material breach by one party excuses the other party from further performance of the contract, and once relieved from performance, the injured party is not liable for further damages incurred by the party in material breach. …
>
> [I]f the materiality question in a given case admits of only one reasonable answer (because the evidence on the point is either undisputed or sufficiently lopsided), then the court must intervene and address what is ordinarily a factual question as a question of law.

Teragram Corp. v. Marketwatch.com, Inc., 444 F.3d 1, 11 (1st Cir. 2006) (citations and quotations omitted).

The confidentiality clause is contained in the plain language of the Release. It is an essential and inducing feature of the contract, as shown in the email correspondence between counsel, wherein Defendants' counsel specifically told Plaintiff's counsel that Plaintiff's agreement to the confidentiality clause was an essential part of the consideration for the City's payment of the settlement that would be a "deal breaker" if not agreed to by Plaintiff. (Exhibit A, Attachment 2.) A contract action in state court would not provide Defendants with adequate relief, see Lipman v. Dye, 294 F.3d 17 (1st Cir. 2002), as Defendants seek relief from the district court to withdraw from the settlement agreement and reopen the case to proceed to trial.

### III. Damages and Sanctions

In connection with the withdrawal of the settlement agreement, the City also seeks a return of the settlement payment, $47,500.00. Such an award would be necessary to return

Defendants to their position prior to the breach.  See DPJ Co. Ltd. Partnership v. Fed. Deposit Ins. Corp., 30 F.3d 247, 248-9 (1994).

Defendants are also entitled to award of sanctions because Plaintiff's counsel acted in bad faith, intentionally violating a condition of the settlement agreement that had been specifically discussed and agreed to by the parties, see F.A.C., Inc. v. Cooperativa de Seguros de Vida de Puerto Rico, 563 F.3d 1 (1st Cir. 2009), as well as attorneys fees and costs.

> The policy of favoring settlement agreements as a means of avoiding costly and time consuming litigation would scarcely be furthered by leaving a party without recourse when the other party fails to perform according to the terms of the agreement.  It is well established, therefore, that a trial court retains an inherent power to supervise and enforce settlement agreements entered into by parties to an action pending before the court.

Dankese, 693 F.2d at 16 (citations omitted).  Thus, public policy also dictates the imposition of sanctions for the violation of the settlement agreement in this case.

WHEREFORE, Defendants City of Worcester, Officer Andrew Cravedi and Officer William Mosley, hereby move this Court to reopen this case for violation of the settlement agreement. Defendants further move this court for leave to withdraw from the settlement agreement due to the material breach, return of the settlement payment, as well as for sanctions against Plaintiff and his counsel for the violation, attorneys fees and costs.

> CITY OF WORCESTER,
> OFFICER ANDREW CRAVEDI and
> OFFICER WILLIAM MOSLEY
>
> By their attorneys,
>
> David M. Moore
> City Solicitor
>
> */s/ Wendy L. Quinn*
> Janet J. McGuiggan (BBO#630013)
> Wendy L. Quinn (BBO#653954)
> Assistant City Solicitors
> City Hall, Room 301
> 455 Main Street
> Worcester, MA 01608
> (508) 799-1161

## CERTIFICATE OF SERVICE

I, Wendy L. Quinn, hereby certify that, on this 5th day of March, 2010, the within Motion to Reopen Case for Violation of the Settlement Agreement was served upon all counsel of record through this Court's electronic filing system as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

> */s/ Wendy L. Quinn*
> Wendy L. Quinn
> Assistant City Solicitor