**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                          )
TRUNG HUYNH,                              )
          Plaintiff,                      )
                                          )
                                          )
v.                                        )          **CIVIL ACTION**
                                          )          **NO. 08-40240-TSH**
CITY OF WORCESTER,                        )
OFFICER ANDREW CRAVEDI, and               )
OFFICER WILLIAM MOSELY,                   )
                    Defendants.           )
                                          )
_____)

**MEMORANDUM OF DECISION AND ORDER**
**August 17, 2010**

HILLMAN, M.J.

**Nature of the Proceeding**

By consent of the parties, this case has been referred to me for all further proceedings,

including trial, and order for entry of a final judgment, in accordance with the provisions of 28

U.S.C. §636(c) and Fed. R. Civ. P. 73 (b).  This Memorandum of Decision addresses the Motion

to Reopen Case For Violation Of Settlement Agreement (Docket No. 21).

**Nature of the Case**

Trung Huynh ("Plaintiff") filed suit against the City of Worcester ("City"), Worcester

Police Officer Andrew Cravedi, and Worcester Police Officer William Mosely (collectively,

"Defendants") pursuant to 42 U.S.C. §1983, and the Massachusetts Civil Rights Act, Mass. Gen.

L. ch. 12, §11, alleging claims for false arrest and excessive force, in violation of the Fourth and

Fourteenth Amendments to the United States Constitution.  Plaintiff's claims arise out of his June 25, 2006 arrest outside of Club Red in Worcester, Massachusetts.

## Background

On December 16, 2009, the parties attended a mediation conducted by Chief Magistrate Judge Dein.  After the mediation had concluded, the parties reported that they had agreed to settle.  Chief Magistrate Judge Dein then issued a final report, stating that the case had settled and requested the entry of a 30-day order of dismissal.  *See* Docket No. 19.  A Settlement Order of Dismissal (Docket No. 20) was filed on December 29, 2009 ("Order of Dismissal"), ordering the case dismissed, without prejudice to either party to reopen the case, upon good cause shown, within 30 days, if the settlement was not consummated.  On March 5, 2010, Defendants filed their Motion to Reopen Case for Violation of Settlement Agreement ("Defs' Mot.").

## Findings of Fact

On January 11, 2010, Huynh signed a Release of All Demands ("Release").  *See Attachment 1* to *Affidavit of Counsel*, attached as *Ex. A* ("McGuiggan Aff.") to *Def's Mot*.  The Release provided for a payment of $47,000 from the Defendants to Huynh in exchange for the execution of the Release.  The Release included a confidentiality clause which barred the Plaintiff or his attorney from discussing the merits of the case, other than the fact that the case had settled.[1] *Release*, at p. 2.  Defendants made it clear that the confidentiality clause was a material term of the agreement, and was part of the consideration for the agreement.  Specifically, the clause was discussed in several e-mails between counsel for the parties.

---

[1] The relevant clause in the Release states:

> Releasor further agrees that neither he nor his agents or representatives, including counsel, will discuss or disclose anything whatsoever relating to this action or the terms of this settlement, aside from the sole fact that the matter is settled, outside of attorney client communications. *Release,* at p. 2.

*McQuiggan Aff.*, at *Att. 2.*  During these exchanges, Defendants' counsel made it clear that the City's standard releases include the aforementioned confidentiality clause, and that such clause "is part of the consideration for the City in such a settlement."  *Id.*  Also discussed was the specific type of information which Plaintiff's attorney would be permitted to share with the press.  *Id.*  Plaintiff's attorney agreed to the inclusion of the confidentiality clause.  Plaintiff signed the Release, Defendants rendered payment, and the case was dismissed.

On March 3, 2010, the Worcester Telegram & Gazette ("Telegram"), a Worcester metropolitan area newspaper, published an article containing several statements by Plaintiff's attorney, Michael Tumposky, regarding the settlement agreement, the amount of the settlement payment, and the merits of the case.  *Id*. at 12-13.  Attorney Tumposky commented on the individual Defendants' conduct, calling it "egregious," and saying it "reflected bad judgment."  *Id.* at 12.  He also stated that the officers' conduct was the result of poor training and that charges had been brought against his client to justify the officers' actions.  In response to the article, Defendants filed their Motion to Reopen the Case.  Thereafter, Attorney Tumposky made additional comments with regard to the case and the Defendants' pending motion, which were published on March 29, 2010 in an article in Lawyer's Weekly.  *Second Aff. Of Counsel*, (Docket No. 25) (Atty. Quinn Aff.), at *Ex. A.*

### Discussion

Defendants argue that Attorney Tumposky's statements to the press breached the Release's confidentiality clause and, therefore,  the Order of Dismissal should be vacated pursuant to Fed. R. Civ. P. 60(b)(3) and/or 60(b)(6)l.[2]  Essentially, Defendants are requesting that the settlement be rescinded, Plaintiff return the money he was paid, and the case be returned

---

[2] Rule 60(b) states, in relevant part, that "on motion … the court may relieve a party or its legal representative from a final judgment, order, or proceeding for … misconduct by an opposing party … or any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(3), (b)(6).

to this Court's docket for trial.  Defendants also request that sanctions be imposed in the form of costs and attorney's fees.

Plaintiff, on the other hand, argues that this Court lacks the power to reopen a case once it has been settled, and that the only remedy for Defendants is a state court action for breach of contract.  Plaintiff further argues that for Rule 60(b)(3) to apply, the misconduct must have occurred prior to the dismissal and must have prevented full and fair preparation of the case. *Anderson v. Cryovac*, 862 F.2d 910, 923 (1st Cir. 1988) (to be reason to reopen the case under Rule 60(b)(3), misconduct must have foreclosed full and fair preparation of case).  Finally, Plaintiff argues that Defendants' motion should be denied because: (1) his comments in the Telegram article concerned matters which were already in the public domain; (2) the confidentiality clause violates Plaintiff's First Amendment Rights and therefore, is unenforceable; and/or (3) vacating the Order of Dismissal for breach of  a settlement agreement will undermine the finality of judgments.

Breach of a settlement agreement by one of the parties can be sufficient justification for a court to reopen the case under Rule 60(b).  *Dankese v. Defense Logistics Agency*, 693 F.2d 13, 15 (1st Cir. 1982) (trial court may reopen case under Rule 60(b) when presented with evidence that settlement agreement breached); *see also Malave v. Carney Hosp.*, 170 F.2d 217, 220 (1st Cir. 1999) (breach of settlement agreement was sufficient justification for reopening dismissed case).  Also, evidence of misconduct by a party, or counsel, is sufficient reason to reopen a case to determine whether the misconduct constituted a violation of a settlement agreement.  *Dankese*, 693 F.2d at 16.  Furthermore, the failure to make a good faith effort to comply with the terms of a settlement agreement may constitute a repudiation of the agreement, providing grounds for reopening a case.  *Warner v. Rossignol*, 513 F.2d 678, 682-83 (1st Cir. 1975).  Defendants have

relied largely on Rule 60(b)(3), which allows a case to be reopened when there has been misconduct by one of the parties. Fed. R. Civ. Pro. 60(b)(3).  However, I agree with the Plaintiff that application of Rule 60(b)(3) has been limited to situations where the misconduct foreclosed a party's ability to adequately prepare for trial, which I find inapplicable to the circumstances of this case.  *Anderson*, 863 F.2d at 923.  Defendants also cite to Rule 60(b)(6), which by its broad language, seemingly allows a court unfettered discretion to reopen a case for any reason that justifies relief.  The decision to reopen a case under Rule 60(b) is left to the Court's discretion. *Dankese*, 693 F.2d at 15.

Initially, the Court must determine whether Attorney Tumposky, in fact, breached the settlement agreement.  If the Court finds that Attorney Tumposky's conduct constituted a breach of the settlement agreement, the question then becomes whether such breach was material such that extraordinary circumstances exist which, in the interest of justice, warrant vacating the Order of Dismissal.

First, Attorney Tumposky argues that a government entity cannot place restrictions on Plaintiff's conversations with the press and therefore, the confidentiality clause is unenforceable. Attorney Tumposky's attempt to characterize the confidentiality clause as an attempt by the City to restrain his client's First Amendment Right to Freedom of Speech is a non-starter.  Attorney Tumposky advised his client to accept the confidentiality clause in exchange for the Defendants agreeing to settle the case for $47,000.  Plaintiff agreed to the clause and signed the Release. Having agreed to the clause, Plaintiff and Attorney Tumposky were bound to comply with it. There is no First Amendment issue.  *Brady v. U.S.*, 397 U.S. 742, 748 (1970) (voluntary waiver of constitutional rights permitted); *see also*, *Charter Commc'n Inc. v. County of Santa Cruz*, 304 F.3d 927, 935 (9th Cir. 2002) (First Amendment protection may be bargained away); *Leonard v.*

*Clark*, 12 F.3d 885, 890 (9th Cir. 1993) (party bound itself to contract burdening First Amendment protection).

Attorney Tumposky next asserts that he did not violate the confidentiality clause because all of his comments concerned matters within the public domain.  I disagree.  While the amount of the settlement was concededly a matter public record, I find that Attorney Tumposky breached the confidentiality clause by discussing the other elements of the case with the press.  Specifically, Attorney Tumposky's comments concerning the extent of Plaintiff's injuries, the "poor judgment" of the individual Defendants, that the officers' conduct was the result of "poor training," and that charges were brought against the Plaintiff  to justify the officers' use of force were *all* blatant violations of the confidentiality clause and a material breach of the settlement agreement.  The question now becomes whether Attorney Tumposky's material breach of the settlement agreement constitutes extraordinary circumstances, which, under Rule 60(b)(6), in the interests of justice, warrant vacating the Order of Dismissal.

As stated above, I find that Attorney Tumposky breached a material provision of the settlement agreement[3] when he violated the confidentiality clause by making comments concerning the individual Defendants to the Telegram.  Furthermore, later comments made by Attorney Tumposky to Lawyer's Weekly leave no doubt that the breach was willful.  The alternative would be to conclude that Attorney Tumposky did not understand the terms of the confidentiality clause.  However, the clause was crystal clear.  Additionally, the e-mail exchange between counsel leaves no doubt about the intent behind including the clause.  Therefore, I must conclude that Plaintiffs attorney knowingly and intentionally breached the confidentiality clause.

---

[3] A material breach of an agreement occurs when there is a breach of an essential and inducing feature of the contract.  *Teragram Corp. v. Marketwatch.com, Inc.*, 444 F.3d 1, 11 (1st Cir. 2006).  Here, the Release was explicitly dependant on performance of the confidentiality clause.  Failure to comply with that clause is a material breach and a repudiation of the agreement.  *See also Warner v. Rossignol*, 513 F.2d 678, 682-83 (1st Cir. 1975) (holding a delay in payment was breach of material term, repudiating the settlement).

As it was clear to all parties that the confidentiality clause was an essential and material term, Attorney Tumposky's willful breach justifies relief under Rule 60(b)(6).

Plaintiff's final argument that the finality of judgments will be damaged if the Defendants' motion is granted is unconvincing.  The very existence of Rule 60(b) refutes the contention that reopening a settled case harms the finality of judgments, because Rule 60(b), itself, provides a mechanism for reopening a case when the need arises.  In fact, Attorney Tumposky, by flouting the settlement agreement, has violated the public policy favoring settlements as an efficient way of resolving disputes.  Parties will be far less inclined to settle a case if the opposing party may breach the settlement without repercussion.  Encouraging settlements, and protecting parties from being cheated out of the benefit of their bargain, justifies granting relief under Rule 60(b)(6).

The only factor mitigating against reopening this case is that it was Attorney Tumposky who violated the confidentiality clause, not Plaintiff himself.  That is, the Plaintiff has kept his end of the bargain and has not, as far as this Court is aware, done anything to violate the Release.  To reopen the case, require the return of the settlement money, and proceed with litigation would unfairly punish Plaintiff for conduct in which he played no part.  Nonetheless, Attorney Tumposky's egregious misconduct cannot go unpunished.  Therefore, while the Defendants' Motion to Reopen will be denied, their request for sanctions is allowed.   Accordingly, Defendants will be awarded the costs of filing and arguing the Motion, ***to be paid by Attorney Michael Tumposky***.  This Court is sure that Plaintiff's Attorney now understands that his actions were unacceptable, and will conduct himself accordingly in the future.

In order to assess the costs of this Motion, Defendants will submit to the Court an accounting of the hours spent preparing and litigating this Motion.  Further, Defendants will

provide a range of hourly rates for attorneys, with experience commensurate to those attorneys who worked on this matter, so that the Court may approve the fair value of time spent pursuing this Motion.  The accounting documents will be filed with the Court Clerk on or before September 15, 2010.  The documents will be subject to review by this Court prior to approval.  The parties will be notified of the payment amount and schedule once the Court is satisfied that the accounting is fair and equitable.

### Conclusion

Defendants' Motion to Reopen Case For Violation Of Settlement Agreement is *denied, in part* and *granted in part*, as provided in this Memorandum of Decision and Order.


/s/ Timothy S. Hillman_____
TIMOTHY S. HILLMAN
MAGISTRATE JUDGE