UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUNG HUYNH,<br>      Plaintiff,<br><br>v.<br><br>CITY OF WORCESTER,<br>OFFICER ANDREW CRAVEDI, and<br>OFFICER WILLIAM MOSELY,<br>      Defendants. | CIVIL ACTION<br>NO. 08-40240-TSH |

## SUPPLEMENTAL MEMORANDUM OF DECISION AND ORDER
### December 20, 2010

HILLMAN, M.J.

### Nature of the Proceeding

By consent of the parties, this case has been referred to me for all further proceedings, including trial, and order for entry of a final judgment, in accordance with the provisions of 28 U.S.C. §636(c) and Fed. R. Civ. P. 73 (b). This Supplemental Memorandum of Decision addresses the amount of attorney's fees to be awarded the Defendants in connection with my Memorandum of Decision and Order (Docket No. 26)("Prior Order") issued in connection with the Motion to Reopen Case For Violation Of Settlement Agreement (Docket No. 21).

### Nature of the Case

Trung Huynh ("Plaintiff") filed suit against the City of Worcester ("City"), Worcester Police Officer Andrew Cravedi, and Worcester Police Officer William Mosely (collectively,

"Defendants") pursuant to 42 U.S.C. §1983, and the Massachusetts Civil Rights Act, Mass. Gen. L. ch. 12, §11, alleging claims for false arrest and excessive force, in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff's claims arise out of his June 25, 2006 arrest outside of Club Red in Worcester, Massachusetts.

## Background

The Defendants previously filed their motion to reopen the case in response to defense counsel's having made multiple statement to the news media, which the Defendants alleged violated the confidentiality clause contained in the parties' settlement agreement. In my Prior Order, I found that defense counsel, Attorney Tumposky, had made statements to the media which breached a material term of the settlement agreement. I further found that Attorney Tumposky's breach was willful and justified relief under F.R.Civ.P. 60(b)(6). At the same time, I found that the Plaintiff, Trung Huynh, had not engaged in conduct which in any way violated the settlement agreement and therefore, it would be unfair to deprive him of the benefit of his bargain: "To reopen the case, require the return of the settlement money, and proceed with litigation would unfairly punish Plaintiff for conduct in which he played no part." Prior Order, at p. 7. Therefore, I denied Defendants' motion to reopen the case and instead, allowed their motion for sanctions against Attorney Tumposky. Specifically, I awarded Defendants the costs of filing and arguing the motion to reopen "***to be paid by Attorney Michael Tumposky***." *Id.* (emphasis in original).

## Discussion

In accordance with the instructions set forth in my Prior Order, the Defendants have submitted an accounting of the attorneys' fees and cost which they incurred in connection with litigating the motion to reopen. *See Aff. Of Defs' Counsel Accounting Attys' Fees And Costs*

2

(Docket No. 27). Attorney Tumposky has filed an opposition in which he first argues, essentially, that the Court's Prior Order should be vacated because the Defendants' waived the legal argument which formed the basis of the Court's finding, and second, that the amount of attorneys' fees and/or costs requested by the Defendants is unreasonable.

Attorney Tumposky's first argument is a non-starter: I specifically found in my Prior Order that the Defendants had invoked Rule 60(b)(6) in support of their motion to vacate/impose sanctions. The fact that Defendants relied *primarily* on Rule 60(b)(3) does not constitute a waiver of their secondary argument. Therefore, my Prior Order requiring Attorney Tumposky to pay to the Defendants the cost of bringing the motion stands. The question now becomes whether the $3,707.20 bill for attorneys' fees and costs submitted by the Defendants is reasonable. For the reasons set forth below, I find that it is.

The Defendants are represented by the Worcester City Solicitor and therefore, do not bill out an hourly rate. Two attorneys worked on the matter, Ms. McQuiggan, Head Litigator and Assistant City Solicitor[1], with approximately 13 years of legal experience in the City Solicitor's Office and Ms. Quinn, Assistant City Solicitor, with over five years experience in the City Solicitor's Office. For purposes of determining attorneys' fees, Ms. McQuiggan has been billed at $275.00 per hour, a billing rate which is the equivalent of a senior associate at a large size law firm in the Central Massachusetts area. Ms. Quinn has been billed at $200.00 per hour, the rate for a junior associate at large size law firm in the Central Massachusetts area.

I previously served as a Massachusetts state court judge for many years and have been a U.S. Magistrate Judge for almost four years. From my experience, I am familiar with the legal rates charged by lawyers in Central Massachusetts and find that $275.00 per hour is a reasonable

---

[1] During the pendency of this motion, Ms. McQuiggan left the City Solicitor's Office to become a Massachusetts District Court judge.

rate for a senior associate and $200.00 per hour is a reasonable rate for a junior associate. Moreover, given these lawyers legal experience, I would find that Ms. McQuiggan would probably equate more to a junior to mid-level partner and Ms. Quinn would probably equate to a senior associate.  Thus, if anything, the ascribed billing rates have been set lower than would be charged by like attorneys.

Ms. Quinn spent six hours in total preparing the motion, including researching, writing and filing the motion; discussing it with her supervisors and Attorney Tumposky; and filing the second affidavit in support thereof.  She also spent four hours traveling in connection with arguing the motion and attending the hearing.  Ms. McQuiggan spent two hours researching, editing and discussing the motion with Attorney Tumposky.  She also spent four hours in traveling in connection with arguing the motion and attending the hearing.  There was also $57.20 in travel costs incurred in connection with attending the hearing.

I find that the total number of hours spent by Defendants' attorneys was eminently reasonable given the complexity of the issues.  I further find that their efforts were not duplicative.  The costs were also reasonable given that they necessarily included mileage, tolls and/or parking.  Therefore, I am ordering Attorney Tumposky to reimburse the City of Worcester the amount of $3,707.20.

## **Conclusion**

In accordance with the Court's Memorandum Of Decision And Order, dated August 17, 2010, Attorney Tumposky is hereby ordered to pay the City of Worcester $3,707.20.

/s/ Timothy S. Hillman
TIMOTHY S. HILLMAN
MAGISTRATE JUDGE